## DAVID EARL DRAGON *v.* STATE OF INDIANA.

[No. 873S156. Filed September 30, 1974.]

*Mark A. McIntosh,* of Huntington, for appellant.

*Theodore L. Sendak,* Attorney General, *John E. Meyer,* Deputy Attorney General, for appellee.

ARTERBURN, C.J.—On November 13, 1972, an affidavit was filed in Huntington Circuit Court charging Appellant with rape (Count I) and kidnapping (Count II) arising out of a single incident. Appellant entered a plea of not guilty by reason of insanity to both counts. On March 1, 1973, a jury found Appellant guilty on both counts.

The primary contention made by Appellant in this appeal is that the evidence was not sufficient to warrant the jury

finding that beyond a reasonable doubt the Appellant was sane at the time he committed the kidnapping and rape. Appellant's basis for this contention is that a psychiatrist called by the State testified that Appellant:

"knew what the code of society was—he knew at that time—what his own code of behavior was—but the forces within him were such that he was unable to conform either to the code—either to his own or to society or society's moral code that was involved."

Appellant reasons that this testimony places his conduct within the ambit of *Hill* v. *State* (1969), 252 Ind. 601, 251 N.E.2d 429, wherein we adopted as the definition of insanity the American Law Institute's formulation which is as follows: "a person is not responsible for criminal conduct if at the time of such conduct as a result of mental disease or defect he lacks substantial capacity either to *appreciate* the wrongfulness of his conduct or to conform his conduct to the requirements of law." *Hill, supra,* 252 Ind. at 614.

The *Hill* case went on to point out that the jury as the trier of fact must make the ultimate determination as to the criminal responsibility of a defendant.

"The jury as the trier of facts, remains the sole sentinel in the protection of both the rights of the accused and the welfare of society, enabled finally to consider all relevant facts pertaining to the defendant's mental state at the time the act was committed, and being thereby better qualified to render its ultimate moral judgment under the law." *Hill, supra,* 252 Ind. at 616-617.

Thus, insanity as an issue for an appellate court is not a special category. Whenever a sufficiency of evidence challenge is made, this Court does not weigh the evidence nor judge the credibility of witnesses. We look to the evidence most favorable to the State and the reasonable inferences therefrom. When there is substantial evidence of probative value to support the verdict, it will not be disturbed. *Blackburn* v. *State* (1972), 260 Ind. 5, 291 N.E.2d 686 and cases cited therein. Consequently, without

reciting testimony, we need only point out that in addition to the one psychiatrist upon whose partial testimony Appellant relies, five other medical witnesses testified about the insanity issue. Three of these witnesses testified that Appellant was at the time of the incident sane within the terms of the *Hill* definition. Furthermore, the victim describes Appellant's conduct during the incident. From all this information, the jury concluded that Appellant was sane at the time of the commission of the crimes. There was clearly probative evidence to support this finding.

In his Motion to Correct Errors Appellant preserved an alleged error. However, in his "Statement of the Issue" portion of his brief this alleged error is not mentioned. Rule AP. 8.3(A)(3), (7). Yet in the "Argument" section of the brief the point is discussed as if it relates to the sufficiency of the evidence issue. Appellant's contention is that it was prejudicial for the trial judge to question the State's psychiatrist. Appellant draws certain inferences concerning the alleged hostile and prejudicial nature of the judge's questions which are not bourne out by our reading of the record. Appellant makes other conclusory assertions without an attempt at verification. (e.g. "The facial expressions and tone of voice of the Judge during the interrogation was clearly detrimental to the case of the defendant.") We are left, then, with the simple fact of a trial judge questioning a witness. The psychiatrist-witness was testifying about mental illness, a notoriously complex subject, and his testimony was not without ambiguity, qualification, and tentativeness, no doubt reflecting his awareness of the state of the discipline. The trial judge's questions were simply attempts to elicit more relevant information omitted by trial counsel in their interrogation. It is well-settled that such a procedure is within the discretion of a trial judge. *Swift* v. *State* (1970), 255 Ind. 337, 264 N.E.2d 317; *Dombkowski* v. *State* (1967), 249 Ind. 32, 230 N.E.2d 602; *Colee* v. *State* (1881), 75 Ind. 511.

For the above-stated reasons, the judgment of the trial court is affirmed.

All Justices concur.

NOTE.—Reported at 316 N.E.2d 827.