KENNETH EARL ADAMS *v.* STATE OF INDIANA.

[No. 1075S306. Filed August 10, 1976.]

*G. Stanley Hood,* of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *Arthur Thaddeus Perry,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was convicted, in a trial to the court and over a plea of not guilty by reason of insanity, of two counts of kidnapping[1] and of two counts of committing a felony (kidnapping) while armed.[2] The charges

---

1.  35-1-55-1 [10-2901]. Kidnapping.—Whoever kidnaps, or forcibly or fraudulently carries off or decoys from any place within this state, or arrests or imprisons any person, with the intention of having such person carried away from any place within this state, unless it be in pursuance of the laws of this state or of the United States, is guilty of kidnapping, and, on conviction, shall be imprisoned in the state prison during life. [Acts 1905, ch. 169, § 358, p. 584; 1929, ch. 154, § 1, p. 477.]

2.  35-12-1-1 [10-4709]. Commission of or attempt to commit crime while armed with deadly weapon.—Any person who being over sixteen [16] years of age, commits or attempts to commit any felony

stemmed from two knife-point abductions of young women, one on each occasion, perpetrated for the purpose of requiring them to commit sexually deviant acts with the defendant. Following the verdict, the defendant filed a motion praying that no judgment be entered upon the verdicts in the armed kidnapping counts, which motion was denied.

Prior to sentencing, the defendant petitioned under Ind. Code § 35-11-3.1-3 (Burns 1975) for examination as a possible criminal sexual deviant, which examination was granted. Following the medical examinations and hearing, the defendant was found to be a probable deviant and committed to LaRue Carter Hospital for observation and evaluation. Following such observation and evaluation, the Hospital officials reported that the defendant, in their opinion, was such a deviant and was treatable.

Thereafter, life sentences were pronounced upon the kidnapping charges and ten year sentences were pronounced upon the armed felony (kidnapping) charges. The court further found that the defendant was a sexual deviant and ordered him committed under the armed felony counts to the custody of the Department of Mental Health for treatment, with the proviso that upon recovery from his deviancy, he should be relieved from the remainder of the ten year sentence imposed for the armed felonies but should, thereupon, commence concurrent life sentences upon the kidnapping charges.

In this appeal, the defendant charges three errors:

---

while armed with any dangerous or deadly weapon, or while any other person is present and aiding or assisting in committing or attempting to commit such felony is armed with any dangerous or deadly weapon, shall be guilty of a separate felony and upon conviction shall be imprisoned for [a] determinate period of not less than ten [10] years nor more than thirty [30] years. The penalty imposed by this chapter [section] is to be fixed by the court or jury trying the case, which sentence the court shall not have the power to suspend: Provided, That such court shall have the right to provide in the judgment that such term of imprisonment shall not run concurrently with any imprisonment that may be adjudged for any additional crimes being attempted or committed at the same time but that such term of imprisonment shall commence at the expiration of the imprisonment adjudged for any such additional crimes. [Acts 1929, ch. 55, § 1, p. 139; 1965, ch. 298, § 1, p. 819; 1969, ch. 206, § 1, p. 771; 1971, P.L. 453, § 1, p. 2092.]

(1) that there was insufficient evidence of his sanity at the time the offense was committed.

(2) that the court erred in sentencing him upon the charges of armed felony (kidnapping), in that they constituted the kidnapping offenses for which he was also sentenced.

(3) that the court erred in applying the criminal sexual deviancy statute only to the armed felony convictions, thereby leaving the life sentences for kidnapping unaffected by the finding that the defendant was a treatable criminal sexual deviant.

## ISSUE I

Under this issue, the defendant points to the evidence of his long obsession with pornography and sexual fantasies and his inability to refrain from attempting to act out scenes of sexual deviancy that he saw portrayed in his extensive library of pornographic literature. The psychiatric testimony bore out his admission of being a sexual deviant and that he was acting under impulse and not using his judgment when he committed the criminal acts. We do not, however, draw the same conclusions from such evidence as are drawn by the defendant. Rather, from the psychiatric testimony, we believe a reasonable person could conclude beyond a reasonable doubt that the defendant was not insane under the standards of *Hill* v. *State,* (1969) 252 Ind. 601, 251 N.E. 2d 429, at the time he committed the offenses. Doctor Oatman, one of the court appointed psychiatrists, testified that his findings indicated that the defendant was of sound mind at the time of the alleged offenses. In his first report to the court, he stated that he found no evidence that the defendant was psychotic. In his second report, he stated that the defendant was "mildly obsessed" by sexual matters and that this obsession had increased during the past two years. However, he also noted that the defendant had a well developed sense of right and wrong. Doctor Oatman found evidence of various neuroses but no evidence of schizophrenia.

On appeal, we review the determination made on the issue of sanity no differently than any other factual issue. Thus,

if there is substantial evidence of probative value supporting the determination of the trier of fact, that determination will be upheld. We will not reweigh the evidence of the credibility of the witnesses. *Sotelo* v. *State*, (1976) 264 Ind. 298, 342 N.E.2d 844; *Dragon* v. *State*, (1974) 262 Ind. 394, 316 N.E.2d 827.

## ISSUE II

This question is controlled by *Coleman* v. *State*, (1975) 264 Ind. 64, 339 N.E.2d 51, wherein we held that a defendant convicted of both kidnapping and armed felony (kidnapping), both charges constituted by the same asportation, could be sentenced only upon the kidnapping charge, it carrying the greater sentence. The sentences upon the armed felony charges were erroneously imposed.

## ISSUE III

This question is controlled by our recent decision in *Pieper* v. *State*, (1975) 262 Ind. 580, 321 N.E.2d 196. We agree with the defendant's claim that a failure to determine that the defendant is a treatable sexual deviant under the kidnapping convictions is inapposite to such a finding under the armed felony convictions. Yet, we are appreciative of the trial judge's frustrations in the matter. We are also sympathetic to the dilemma of the defendant. All of the evidence indicates that he could be rehabilitated through a program of psychiatric treatment that is available through the facilities of the State Department of Mental Health. Unfortunately, however, he does not qualify under the deviancy statute as now drawn. Ind. Code § 35-11-3.1-3 (Burns 1975) provides that a conviction for a sex offense is a precondition to eligibility to petition thereunder. Although the defendant's crimes were incident to the accomplishment of acts of sexual deviancy the crimes themselves are not sex offenses within the clear meaning of the statute. There could be no error, therefore, in denying the application of the

statute with regard to the kidnap convictions notwithstanding that it was erroneously applied as to the armed felony (kidnapping) conviction.

The judgment of the trial court is affirmed as to the convictions for kidnapping, and the cause is remanded and the trial court directed to vacate the sentences upon the armed felony (kidnapping) charges.

Givan, C.J. and Arterburn, DeBruler and Hunter, JJ., concur.

NOTE.—Reported at 352 N.E.2d 490.