BENNY YOUNG *v.* STATE OF INDIANA.

(No. 476S119. Filed July 21, 1977.)

*Terry C. Gray,* of Gary, for appellant.

*Theodore L. Sendak,* Attorney General, *David T. O'Malia,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was convicted in a trial by jury and over a plea of insanity, of murder in the first degree (Ind. Code § 35-13-4-1). The issues presented do not necessitate a recital of the evidence disclosing the commission of the crime and are as follows:

(1)   Did the trial court commit reversible error in denying the defendant's in-trial motion for a continuance?

(2)   Was the evidence sufficient to sustain a finding, beyond a reasonable doubt, that the defendant was sane at the time he shot and killed the victim?

## ISSUE I

Following the filing of his insanity plea, the defendant, a pauper, petitioned the court for approval of the employment, at State's expense, of a psychiatrist of his selection to aid in his defense. The petition was granted, and the defendant was thereafter examined and interviewed by his chosen doctor and subsequently subjected to electronic testing at the

suggestion of such doctor. The chosen doctor appeared at the trial but left, without consent of counsel, prior to being called to testify. When his absence was discovered, counsel moved for a continuance. A ruling upon this motion was deferred while conferences, telephone calls and a consideration of alternatives took place.

When contacted by telephone, the absent witness, who was out of state and not subject to process, advised that he could not return that day and would not return at all, unless he was to receive an additional fee for the second appearance. Additionally, owing to an intervening holiday weekend, the grant of a continuance would have occasioned a recess of at least four days in the trial. The report which the witness had given to defense counsel was available. It was, for the most part, unsupportive of a claim of insanity, although it did contain the following concluding statements:

> "Summarily, Benny clearly is able at this time to comprehend the nature of the charges against him to cooperate with counsel and to participate in his defense. As to the question of competency at the time of the alleged offense, the evidence presented on clinical evaluation does not enable an unqualified answer. The hallucinatory experiences alleged at various periods in his life point to liability of psychophysiology. It is reasonable to suggest that defendant, if the accounts related are true, was not able to distinguish right from wrong.

> "The presence of the long history of hallucinations and use of psychoactive chemicals producing same, suggests the use of electroencephalographic tracings and brain scan examinations to aid in evaluation of the presence of organic brain damage. At the time of this examination there is nothing to suggest that psychological deterioration has or is occurring as a result of incarceration."

At the court's suggestion, the prosecutor and defense counsel stipulated the contents of the letter as the testimony the doctor would give, if present, and the letter was placed into evidence. This procedure, although agreed to by defense counsel, was over his protest that such procedure did not give the defense the opportunity of having the doctor fully explain his

findings and did not give the jury the opportunity to observe his demeanor and assess his credibility.

Entitlement to continuances is governed by Ind. R. Tr. P. 53.4,[1] applicable to criminal proceedings through Ind. R. Crim. P. 21.[2] Although there was no attempt made by the defendant to follow the procedural requirements of Trial Rule 53.4, i.e. the showing of good cause by affidavit or evidence, we shall, nevertheless, review the circumstances to determine if "good cause" for the requested continuance was shown. We are, at once, confronted with the absence of any showing to the trial judge that a continuance would bring forth evidence supportive of the defense. The doctor's report, at best, recognized only a "suggestion" of insanity and the desirability of an electroencephalogram and brain scan to determine the presence of organic brain damage. The validity of the suggestion was conditioned upon the truth of the defendant's answers given in interview, and the report made no assessment of such credibility. As for the electronic examinations, they had

---

1. Trial Rule 53.4

Upon motion, trial may be postponed or continued in the discretion of the court, and shall be allowed upon agreement of all the parties or upon a showing of good cause established by affidavit or other evidence. The court may award such costs as will reimburse the other parties for their actual expenses incurred from the delay. A motion to postpone the trial on account of the absence of evidence, can be made only upon affidavit, showing the materiality of the evidence expected to be obtained, and that due diligence has been used to obtain it; and where the evidence may be; and if it is for an absent witness, the affidavit must show the name and residence of the witness, if known, and the probability of procuring the testimony within a reasonable time, and that his absence has not been procured by the act or connivance of the party, nor by others at his request, nor with his knowledge and consent, and what facts he believes them to be true, and that he is unable to prove such facts by any other witness whose testimony can be as readily procured. If, thereupon, the adverse party will consent that, on the trial, the facts shall be taken as true if the absent evidence is written or documentary, and, in case of a witness, that he will testify to said facts as true, the trial shall not be postponed for that cause, and in such case, the party against whom such evidence is used, shall have the right to impeach such absent witness, as in the case where the witness is present, or his deposition is used.

2. Criminal Rule 21

The Indiana rules of trial and appellate procedure shall apply to all criminal appeals so far as they are not in conflict with any specific rule adopted by this court for the conduct of criminal proceedings.

been made subsequent to the report, but there was no showing or claim that they reflected any abnormality. Insanity was the heart of the defense; and we are unable to conceive that counsel was not privy to both the conditions disclosed by the examinations that followed the written report and the ultimate conclusions of the doctor as to the defendant's mental health. Yet, the only offer to prove what the absent witness' testimony would disclose was counsel's statement, as follows:

"BY MR. GRAY:

"—What was said. I believe that number one I now make an offer prove.

"It is my belief based upon the conversation I had with him on his—the testimony if presented that my client could not conform his conduct to the requirements of the law. I am not clear whether he was going say he had a mental defect or mental disease. I am not exactly clear on that, but I do believe that he would give some credibility to the fact that he had some drugs and that it would have shown some inability on his part to obey the law.

"I would say to the Court that based upon the opinion as given by the Court Doctor and their demeanor on the witness stand that certainly I think the defendant's Doctor should physically present in order for them to decide on the basis of their demeanor or conduct on the witness stand as to the credibility of the other two doctors that testified."

Even when we assume, with some difficulty, that the witness' absence was not, in part, chargeable to the defendant's failure to communicate properly with the witness [1] regarding his availability and responsibility, we conclude that there has been no showing of harm to the defendant. In this regard, this case is not unlike *King* v. *State*, (1973) 260 Ind. 422, 296 N.E.2d 113, wherein we said "Even with a showing of surprise, there must also be a showing that defendant would be harmed by a denial of the continuance." Under the circumstances of this case, and with particular reference to the inadequacy of the offer to prove, there was no basis for believing that the absent witness' testimony would be supportive of the defendant's insanity de-

fense, and we are of the opinion that the trial judge committed no error in denying the continuance motion.

## ISSUE II

Two court-appointed psychiatrists testified at the trial, and each stated that it was his opinion that the defendant was sane at the time of the homicide. The defendant attacks the sufficiency of this evidence to sustain a conclusion of sanity, beyond a reasonable doubt, upon the premise that the doctors' opinions were based only upon brief interviews with the defendant. It is the defendant's contention that in light of modern advances in psychological testing, these doctors should have employed more sophisticated methods in making their evaluations.

"Insanity as an issue for an appellate court is not a special category. Whenever a sufficiency of evidence challenge is made, this Court does not weigh the evidence nor judge the credibility of witnesses." *Dragon* v. *State,* (1974) 262 Ind. 394, 395, 316 N.E.2d 827, 828. This Court on appeal will look to the evidence most favorable to the State and the reasonable inferences to be drawn therefrom, and whenever there is substantial evidence of probative value to support the verdict, such verdict will not be disturbed. *Stacker* v. *State,* (1976) 264 Ind. 692, 348 N.E.2d 648; *Sotelo* v. *State,* (1976) 264 Ind. 298, 342 N.E.2d 844. The question of sanity is an issue to be resolved by the trier of fact, *Stacker* v. *State, supra, Sotelo* v. *State, supra, Blake* v. *State,* (1975) 262 Ind. 659, 323 N.E.2d 227. The defendant's argument upon this issue goes merely to the weight and credibility of the testimony of the court-appointed psychiatrists. Both witnesses qualified as experts by reason of their educational backgrounds and extensive experience in the area of psychological testing; and their testimony constituted substantial evidence of probative value. It was, therefore, sufficient to support the jury's verdict.

We find no reversible error, and the judgment of the trial court is, therefore, affirmed.

Givan, C.J., and DeBruler, Hunter and Pivarnik, JJ., concur.

NOTE.—Reported at 364 N.E.2d 1180.