CLIFTON BOONE *v*. STATE OF INDIANA.

[No. 1176S379. Filed January 20, 1978.]

*George Glendening,* of Hammond, for appellant.

*Theodore L. Sendak,* Attorney General, *David T. O'Malia,* Deputy Attorney General, for appellee.

GIVAN, C.J.—Appellant was convicted of three counts of kidnapping and one count of rape. He was sentenced to three life sentences for kidnapping and to a determinate period of 21 years for rape. The record reveals the following facts: On August 13, 1975, three young women were in an automobile stopped at a stop sign in Gary, Indiana. The appellant jumped into their car, pointed a gun at them and ordered the driver to follow the car in front of them. They were led to a location in Lake County where one of the women was raped. At the police station the women identified pictures of the appellant and identified the appellant in a lineup. At the trial all three women identified appellant as the man who had wielded the gun and raped one of them. All three testified that there was sufficient light and time within which to get a clear view of their assailant. Two of the women memorized the license plate number of the car in front of them, which appellant's accomplices were driving and one gave a description of the car. This automobile was proven to belong to the appellant.

Appellant first contends there was insufficient evidence from which a reasonable jury could find him guilty beyond a reasonable doubt. On appeal this Court will examine only the evidence most favorable to the State, as well as all reasonable inferences therefrom. *Henderson* v. *State,* (1976) 264 Ind. 334, 343 N.E.2d 776. The testimony of the three victims recounting the facts recited above, in addition to the other evidence the State adduced, is sufficient evidence of probative value from which the jury could well have concluded that appellant did, in fact, commit the crimes with which he was charged.

On redirect examination of one of the women the State introduced a photograph of appellant's automobile. Defense counsel objected on the ground that it should have been introduced during direct examination and that there was an insufficient foundation laid for its ad-

mission. Appellant now insists it was error to overrule his objection. The subject of the automobile was covered in cross examination and was therefore a proper piece of evidence for introduction on redirect examination. See 13 I.L.E., *Evidence* § 261. As to laying the foundation, the witness was first asked whether or not the photograph was an accurate depiction of appellant's automobile. She replied that it was. We find no error in the admission of the photograph.

Next appellant claims the trial court erred in admitting into evidence a certified copy of the title, registration and application for title of appellant's automobile. These papers were attested by the Commissioner of the Bureau of Motor Vehicles. Appellant's contention was that the evidence constituted hearsay and that an inadequate foundation had been laid. These exhibits were attested as public records by the Commissioner and therefore were properly admitted pursuant to TR. 44(A), applicable to criminal trials through CR. 21. *Eldridge* v. *State*, (1977) 266 Ind. 134, 361 N.E.2d 155.

Finally appellant argues that he did not receive a fair trial in that certain members of the jury were biased because they had sat on another jury involving rape a short time prior to this trial. However the voir dire examination was not recorded for the purposes of this appeal. Furthermore the record reveals that appellant's trial counsel specifically accepted the jury as chosen. Thus there being no objection to the jury on the record, this issue must be deemed waived. *Torrence* v. *State*, (1971) 255 Ind. 618, 266 N.E.2d 1.

The judgment of the trial court is affirmed.

Hunter, Pivarnik and Prentice, JJ., concur; DeBruler, J., concurs in result.

NOTE.—Reported at 371 N.E.2d 708.