Ross K. RIDDLE, Appellant,

v.

STATE of Indiana, Appellee.

No. 979S257.

Supreme Court of Indiana.

April 7, 1980.

Rehearing Denied May 30, 1980.

James H. Voyles, Jr., Ober, Symmes, Cardwell, Voyles & Zahn, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Frank A. Baldwin, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Ross K. Riddle, was convicted by a jury of three class B felonies: burglary, Ind. Code § 35–43–2–1 (Burns 1979 Repl.); rape, Ind. Code § 35–42–4–1 (Burns 1979 Repl.); and criminal deviate conduct, Ind. Code § 35–42–4–2 (Burns 1979 Repl.). He was sentenced to three concur-rent twelve year sentences and now appeals raising the following issues:

1. Whether the trial court erred in refusing to admit into evidence a case report concerning the initial investigation of the alleged crimes;

2. Whether the trial court erred in admitting into evidence certain records of the Bureau of Motor Vehicles;

3. Whether the trial court erred in permitting a police officer to testify about a conversation he had with the victim subsequent to the alleged crimes;

4. Whether the court erred in failing to order the state to produce a certain witness at the trial;

5. Whether the trial court erred in refusing to admit into evidence the entire medical report of one doctor;

6. Whether the defendant should have been granted a new trial on the basis of newly discovered evidence; and

7. Whether there was sufficient evidence to support the convictions.

A summary of the facts from the record most favorable to the state shows that on the night of September 10, 1978, the victim, E. H., fell asleep while watching television in her living room. She was awakened by a strange man kneeling by her side touching her, and she later identified the man as defendant. The victim testified that defendant forced her to have sexual intercourse and other sexually deviant conduct with him and that she was afraid. She also testified that defendant left through her rear patio door and walked around the building to the front where she saw him drive off in a white over blue Ford automobile. She immediately ran next door to her neighbors to telephone the police since she did not have a phone in her apartment.

I.

Defendant first contends that the trial court erred in refusing to admit into evidence a case report prepared by an Officer Turner concerning his initial investigation of the alleged crimes. While Officer Turn-

er himself did not testify and was not subpoenaed by defendant, defendant claims that two items on the report could have been used to impeach the testimony of the victim and were admissible under several theories. The first statement which defendant wished to have admitted was a line which had "Victim's Cond:" typed on the far lefthand side of the page and then the words "heavy drinker" on the same line but far over on the righthand side of the page. The second statement was a handwritten notation at the bottom of the page near a description of the suspect's clothes, "Possible Narc Dealer." Both statements are ambiguous because from their locations on the page they could refer to either the victim or the defendant. Furthermore, the typewritten part of the page is a teletype report which Officer Turner had called in when he first investigated the crime and the handwritten portions of the report were apparently notations made by a different officer at a later time.

■ This report is clearly hearsay and does not fall within the business records exception to the hearsay rule since defendant made no effort to establish a foundation by having it identified by its entrant or the official in charge of keeping the records. *Wells v. State*, (1970) 254 Ind. 608, 261 N.E.2d 865. The statements cannot be regarded as admissions against interest since there is no evidence that the victim said anything about drinking or drugs. Finally, they were certainly made at a time too far removed from the crime to be considered part of the res gestae. There was no error in refusing to admit the police report.

## II.

■ Defendant alleges that the trial court erred in admitting into evidence two registration certificates showing that a 1973 Ford automobile and a 1970 Chevrolet automobile were registered to defendant at the time of the crimes. These certificates were properly certified and attested to by Ralph Van Netta, the Commissioner of Motor Vehicles. This is all that was necessary for them to be admitted as public records pursuant to Ind.R.Tr.P. 44(A). *Boone v. State*, (1978) 267 Ind. 493, 371 N.E.2d 708. Since the certificates did show the ownership of the vehicles at the time of the crime, and both vehicles were mentioned by the victim in her testimony, the certificates were clearly relevant.

## III.

■ Defendant next contends that the trial court erred in permitting a police officer, William Moore, to testify about his conversations with the victim. Officer Moore was the chief investigating officer assigned to this crime and at one point testified about the victim's description of the car she saw defendant driving away. Although it is true that these statements were made by an out-of-court declarant, they are clearly admissible under *Patterson v. State*, (1975) 263 Ind. 55, 324 N.E.2d 482, since the declarant, the victim in this case, was in court and had previously been cross-examined at length concerning these statements.

## IV.

Defendant next contends that the court erred in not ordering the state to produce one of its witnesses, Officer Turner. Officer Turner was the first officer who went to the scene after the police were notified of the crime. Defendant wanted his testimony in order to bring out the allegedly impeaching remarks in his report that were described in Issue I above.

■■ It is clear that the state has no affirmative duty to produce all of its witnesses at trial. *Gordy v. State*, (1974) 262 Ind. 275, 315 N.E.2d 362. Defendant had a copy of Officer Turner's report, and if he felt that Officer Turner's statements were favorable to him, it was his duty to call the witness. Defendant made no request for a continuance in order to subpoena this witness and so cannot now claim his failure to appear was error. All discussions about the failure of this witness to appear and the possibility of a subpoena for him were held

out of the presence of the jury and so did not prejudice defendant's case.

### V.

Defendant next assigns as error the refusal of the court to admit into evidence the entire medical report of Dr. Hansell who examined the victim after the incident. Pursuant to Ind. Code § 35–1–32.5–1 (Burns 1979 Repl.) the court properly deleted from the medical report two statements which referred to the victim's past sexual conduct. There was no error in this action since the deleted sentences did not describe any activities within the exceptions provided by Ind. Code § 35–1–32.5–2 (Burns 1979 Repl.):

"(a) Evidence of the victim's past sexual conduct with the defendant;  or

"(b) Evidence which in a specific instance of sexual activity shows that some person other than the defendant committed the act upon which the prosecution is founded."

Furthermore, if defendant felt these statements were part of the exceptions, it was up to him to follow the correct procedure for proposing the admission of this evidence as required by Ind. Code § 35–1–32.5–3 (Burns 1979 Repl.). There was no error here.

### VI.

Defendant argues that the trial court erred in refusing to order a new trial on the basis of newly discovered evidence. The alleged newly discovered evidence was a statement defendant made after the trial that the victim had consented to the sexual intercourse and offered no resistance to him. The defendant underwent a polygraph examination concerning this statement and the results of the test showed no deception on the part of defendant. However, it is well established that one of the requirements for granting a request for a new trial on the basis of newly discovered evidence is that due diligence was used to discover it in time for trial. *Cansler v. State,* (1972) 258 Ind. 450, 281 N.E.2d 881. Here, defendant chose not to put the issue of consent before the jury although the evidence as to this issue was clearly in his possession before the trial. A defendant in possession of evidence, who fails to present the evidence at trial, cannot use such evidence as a basis for a new trial following an unfavorable verdict. *Vacendak v. State,* (1976) 264 Ind. 101, 340 N.E.2d 352, *cert. denied* 429 U.S. 851, 97 S.Ct. 141, 50 L.Ed.2d 125. There was no error in denying a new trial.

### VII.

Finally, defendant contends that the verdict is not supported by sufficient evidence. We have consistently held that this Court does not reweigh the evidence or judge the credibility of witnesses and will consider only that evidence most favorable to the state and all reasonable inferences drawn therefrom. When there is substantial evidence of probative value to support each element of the offense, the verdict of the jury will not be disturbed. *Wofford v. State,* (1979) Ind., 394 N.E.2d 100; *Poindexter v. State,* (1978) Ind., 374 N.E.2d 509.

Here there is ample evidence to support a finding of guilty. The victim testified that defendant entered her house, unasked, and forced her to have sexual intercourse and other deviate conduct with him. She identified the defendant as her assailant and her testimony showed that penetration occurred and that she was put in fear. It is well settled that the sole and uncorroborated testimony of the victim is sufficient evidence to support the convictions on each count. *Choctaw v. State,* (1979) Ind., 387 N.E.2d 1305; *Williams v. State,* (1973) 260 Ind. 543, 297 N.E.2d 805; *Overton v. State,* (1974) 161 Ind.App. 650, 317 N.E.2d 467.

For all the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.