Steven ADAMS, Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 3-1179A307.

Court of Appeals of Indiana,
Third District.

June 11, 1980.

Robert L. DeLoney, Gary, for defendant-appellant.

Theodore L. Sendak, Atty. Gen., Janis L. Summers, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

HOFFMAN, Judge.

The defendant Steven Adams was convicted of two counts of confinement, a class B felony involving the possession and use of a deadly weapon. The facts most favorable to the State will be reviewed to analyze the defendant's contention that the evidence was insufficient to support a conviction.

On the night of May 10, 1978, Diane Walker and Virginia Keen, both registered nurses, went out together to an establishment in Calumet City, Illinois. In the early morning hours, they left Illinois and proceeded to a restaurant in Hammond, Indiana. While at the restaurant, they ate sandwiches and talked for a brief time. Both witnesses testified that they spoke to no one else during that period. After leaving the restaurant, they proceeded to Diane Walker's home and pulled into the driveway. They noticed that a two-tone car with Illinois license plates had followed them from the restaurant. The car passed Diane's home, turned around, came back past her home and then turned onto a side street. A few moments later, the witnesses heard a tapping on the car window and saw the defendant standing on the passenger's side of the car, holding a gun. He spoke to Miss Walker saying, "get out of the car or I'll blast you." The two women remained in the car and attempted to convince the defendant that he had the wrong person. Miss Keen testified that the defendant then stated he had been paid $100 to do a job and he was going to kill them. Miss Walker produced her nursing license to verify her identity and gave it to the defendant. The lights inside the car were turned on to enable the defendant to read the license and the witnesses clearly saw the defendant's face and profile. The defendant then asked Miss Keen about her identity and family. Before turning and walking away, he commented, well maybe I don't have the wrong person." The entire conversation lasted for approximately fifteen minutes.

Confinement, a class B felony, is defined as knowingly or intentionally con-

fining another person without his consent and while armed with a deadly weapon. IC 1971, 35–42–3–3 (1979 Burns Supp.). In this case neither of the witnesses gave her consent to being confined in the car. Based on the facts set forth above, the evidence presented at trial is sufficient to sustain the conviction.

The appellant's next contention is that the trial court committed reversible error when it allowed trial to proceed before a judge pro tempore and denied the defendant's motion for a continuance. The authority of the judge pro tempore is challenged on the following grounds:

1) Judge Kimbrough, the presiding judge in Lake Superior Court, Criminal Division, Room 3, is empowered to appoint a judge pro tempore only when the presiding judge is unable to serve due to a physical or mental infirmity, pursuant to Ind.Rules of Procedure, Criminal Rule 14, and

2) Richard Conroy, the judge pro tempore, was a law associate with the law firm of Paul Giorgi, and the defense counsel was involved in litigation opposing that law firm at the time of this trial.

Both of these arguments are without merit.

Indiana Rules of Procedure, Criminal Rule 14 is the basis of appellant's first challenge and reads, in pertinent part, as follows:

"When it shall be made to appear to the Supreme Court of Indiana by satisfactory proof that the judge of any court having criminal jurisdiction is unable because of physical or mental infirmity to perform the duties of his office, and no judge pro tempore has been legally appointed to perform and is performing such duties, the Supreme Court of the state may appoint a judge pro tempore to serve as sole judge of said court for the duration of such infirmity."

Although it is unclear from his brief, the defendant is apparently urging this Court to find that only the Supreme Court of Indiana has the authority to appoint a judge pro tempore for a criminal proceeding and this may occur only when the presiding judge is physically or mentally infirm. Under this construction, a presiding judge has no authority whatsoever to appoint a judge pro tempore. The lack of logic in this argument is readily apparent.

The rule clearly states the Supreme Court may act if the judge is physically or mentally infirm *and no judge pro tempore has been legally appointed.* In this case, the presiding judge was out of the jurisdiction and a judge pro tempore had been appointed and was performing the duties of the office. Therefore, CR. 14 is not applicable to this situation.

To determine the procedure for the appointment of a judge pro tempore, other trial rules must be examined. Indiana Rules of Procedure, Criminal Rule 21 reads:

"The Indiana rules of trial and appellate procedure shall apply to all criminal appeals so far as they are not in conflict with any specific rule adopted by this court for the conduct of criminal proceedings."

Indiana courts have interpreted this rule to allow the application of various civil trial rules to criminal proceedings. In *Jones v. State* (1977), 267 Ind. 205, 369 N.E.2d 418, the Supreme Court of Indiana held that Ind.Rules of Procedure, Trial Rule 44(A)(1) concerning official records applies to criminal trials. A similar decision was reached in *Young v. State* (1977), 266 Ind. 557, 364 N.E.2d 1180 regarding continuances as governed by Trial Rule 53.4. *See also: Brewer v. State* (1977), Ind.App., 362 N.E.2d 1175 (discovery rules) and *Boone v. State* (1978), 267 Ind. 493, 371 N.E.2d 708. In further support of this position, IC 1971, 35–4.1–2–2 (Burns 1979 Repl.) provides:

"(a) In all criminal cases where no provision has been made in this title, the Indiana rules of trial procedure govern so far as applicable."

█ Consistent with this case law and statute, we now find that CR. 14 does not control the present situation because 1) the presiding judge is not infirm and 2) a judge pro tempore was appointed. Furthermore,

the rules of civil procedure are not in conflict with the criminal rules regarding the appointment of a judge pro tempore and, therefore, the civil rules shall apply.

■ Indiana Rules of Procedure, Trial Rule 63 governs the appointment and authority of a judge pro tempore and states, in section (E):

"Judge pro tempore when judge is unable to attend. A judge who is unable to attend and preside at his court for any cause may appoint in writing a judge pro tempore to conduct the business of this court during his absence. The written appointment shall be entered in the records of the court. When duly sworn, or without being sworn if he is a judge of a court of this state, the judge pro tempore shall have the same authority during the period of his appointment as the judge he replaces."

In this case, the judge pro tempore was legally appointed and fulfilling the responsibilities of the office pursuant to this trial rule.

■ The second aspect of the defendant's attack on the appointment of the judge pro tempore alleges a possible bias or prejudice on behalf of the pro tempore created by other pending litigation in opposition to the defense counsel. Absolutely no evidence was presented to support this accusation. The judge clearly stated that he was not a partner or a member of any law firm. When the defense counsel mentioned a particular case which was then pending, the judge pro tempore produced a copy of court records showing the defense counsel had withdrawn from that case a full year before the present proceedings occurred. It is in the best interests of our judicial system for attorneys to refrain from challenging the impartiality of judges when such challenge has no basis.

■ It is further noted that, as a matter of right, the defendant is not entitled to a continuance merely because his case is being heard by a judge pro tempore rather than the regular judge. As Justice Givan of the Indiana Supreme Court wrote in

*Bryant v. State* (1971), 256 Ind. 587, at 589, 271 N.E.2d 127, at 128:

"Under the statute the judge pro tempore had the right and the duty to perform as the regular judge. There was no showing in the motion for continuance of any cause for the same with the exception of the presence of the judge pro tempore instead of the regular judge. We hold that this in and of itself was not sufficient cause to now hold that the refusal of the continuance was reversible error."

*See also: Roberts v. State* (1978), Ind., 373 N.E.2d 1103. This case was properly heard by the judge pro tempore and no error resulted from the court's denial of the defendant's motion for a continuance.

■ The defendant's final allegations of error concern the presentencing hearing. The father of one of the complaining witnesses testified for the State and agreed with the sentence recommendation as proposed by the prosecuting attorney. On appeal, the defense contends this testimony was highly prejudicial and constituted an abuse of the court's discretion. Counsel neither objected to this testimony prior to its admission nor subsequently moved to strike. Consequently, no error has been preserved for review. *Malbin & Bullock, Inc. v. Hilton* (1980), Ind.App., 401 N.E.2d 719. Defendant has also waived his contention that the court was without jurisdiction to impose sentence since no argument is presented on this issue in his brief. Ind. Rules of Procedure, Appellate Rule 8.3.

The judgment of the trial court is affirmed.

Affirmed.

GARRARD, P. J., and STATON, J., concur.