Roscoe "Bucky" HISE, Appellant,

v.

STATE of Indiana, Appellee.

No. 382S100.

Supreme Court of Indiana.

Aug. 29, 1983.

Dennis R. Majewski, Terre Haute, for appellant.

Linley E. Pearson, Atty. Gen., Stephan E. Wolter, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-appellant Roscoe "Bucky" Hise was convicted of Theft, Ind.Code § 35–43–4–2 (Burns Supp.1982), at the conclusion of a jury trial in Vermillion Circuit Court on August 26, 1981. Hise was also found to be a habitual offender. Defendant Hise received a total of thirty-two (32)

years imprisonment for the theft and the habitual offender finding. Hise now appeals.

Defendant raises two errors on appeal, concerning: 1) whether the trial court should have granted a mistrial following a comment made by a potential juror during *voir dire;* and, 2) whether the habitual offender status is unconstitutional.

The evidence most favorable to the State revealed that the U.S.S. Agri-Chemical Fertilizer Plant near Vermillion, Illinois was burglarized on two separate occasions. On the second occasion, a farmer living near the plant saw a white car leaving the plant in the early morning hours. The farmer attempted to follow the car but soon lost sight of it. Visiting a friend in Blandford, Indiana, the farmer spotted the white car and found out it belonged to the defendant. The police found some of the missing items at the defendant's residence.

## I

During *voir dire* a prospective juror, Janice Bonebrake, stated she knew the defendant's mother but that she could follow the law as instructed by the trial court and render a verdict based on the facts.

Later, when asked whether she presumed the defendant to be innocent, Bonebrake responded: "I don't think so. I think I know Bucky too well." When asked again whether she presumed the defendant to be innocent, she replied: "Right, right, but in my mind now I know Bucky." The trial judge immediately excused Bonebrake for cause.

After both the jury and alternate juror had been sworn the defendant moved for a mistrial based on Bonebrake's comments. Defendant contends that Bonebrake's statements prejudiced the rest of the jury beyond rehabilitation because it left the impression that he had a criminal record. Such a conclusion is based on nothing more than speculation.

The granting of a mistrial lies within the sound discretion of the trial court and its determination will be reversed only where an abuse of that discretion can be established. *Ramos v. State,* (1982) Ind., 433 N.E.2d 757, 759. Defendant has failed to show here that he was placed in a position of grave peril that required the trial court to grant a mistrial. Bonebrake was immediately excused from the panel and Defendant was given the opportunity, along with the State, to question the remaining jurors to ascertain their attitudes and the existence of any prejudice. There is no showing that any other prospective juror was prejudiced in any manner by Bonebrake's comments. The fact that Bonebrake's comments alluded to a prior criminal history is based on conjecture since her comments merely indicated she would have trouble affording the defendant the presumption of innocence because she knew him too well. Defendant has not shown he was placed in grave peril. *See Dorton v. State,* (1981) Ind., 419 N.E.2d 1289, 1296.

Furthermore, the defendant specifically accepted the jury as sworn prior to moving for a mistrial. He therefore waived the issue he now raises. *Boone v. State,* (1978) 267 Ind. 493, 495, 371 N.E.2d 708, 709.

## II

Defendant claims that his sentence as an habitual offender subjected him to double jeopardy for the same crimes. Although he raised this issue in his motion to correct errors he makes no argument in his brief or furnishes any authority for his proposition. He has therefore waived the issue. *Staton v. State,* (1981) Ind., 428 N.E.2d 1203, 1211; Ind.R.App.P. 8.3(A). Moreover, this Court has decided this issue adverse to the defendant's position. *Anderson v. State,* (1981) Ind., 426 N.E.2d 674, 679.

The trial court is in all things affirmed.

GIVAN, C.J., and HUNTER, DeBRULER and PRENTICE, JJ., concur.