## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 21 2018, 9:12 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Chad A. Montgomery
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Troy Eugene Howard, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | November 21, 2018 <br><br> Court of Appeals Case No. 18A-CR-933 <br><br> Appeal from the Warren Circuit Court <br><br> The Honorable Hunter Reece, Judge <br><br> Trial Court Cause No. 86C01-1612-F5-50 |

**Altice, Judge.**

**Case Summary**

[1] Following a jury trial, Troy E. Howard was convicted of Level 5 felony operating a motor vehicle after forfeiture of license for life and Level 6 felony resisting law enforcement. On appeal, Howard argues that the trial court abused its discretion in denying his motion for a mistrial after a potential juror made a statement in front of the entire jury panel that suggested Howard had been in trouble before.

[2] We affirm.

### Facts & Procedural History

[3] On December 5, 2016, Warren County Sheriff's Deputy Kody Perry observed Howard, who he knew to have a suspended license, driving a motor vehicle on State Road 63. Deputy Perry allowed Howard to pass him and then moved in behind Howard's vehicle and attempted to initiate a traffic stop by activating his emergency lights and sirens. Howard did not stop, but instead continued driving for several miles, turning on different roads, failing to stop at stop signs, passing multiple vehicles where no passing lane existed and going partially off the road to do so, and reaching speeds up to ninety-eight miles per hour. The vehicle pursuit ended after Howard drove into a field. He then fled on foot. A short time later, Howard was apprehended.

[4] On December 7, 2016, the State charged Howard with Level 5 felony operating a motor vehicle after forfeiture of license for life and Level 6 felony resisting law enforcement. The State also alleged that Howard was a habitual offender. A jury trial was held on February 14, 2018.

[5]     During voir dire the trial court went through its initial questions with each potential juror. Juror 116 indicated that he had not formed an opinion as to Howard's guilt. The trial court then asked Juror 116, "Is there any reason I have not covered by these questions that you believe would make you unable to listen with an unbiased mind to the evidence in this case and reach a fair and impartial decision?" *Transcript Vol. 2* at 56. Juror 116 responded, "Well, I have known him all my life, since high school, and I have seen him duck trouble and so you don't need, (inaudible)." *Id*. The trial court followed up with Juror 116, informing him that Howard was presumed innocent and that a verdict must be based solely upon what the juror would see and hear in the courtroom. The court then asked Juror 116, "Would you be able to set aside any opinions, prior information or belief or your knowledge of just knowing [Howard] in the community and render an impartial verdict based only upon the law and evidence you hear during this trial?" *Id*. at 57. Juror 116 responded, "Sure." *Id*.

[6]     Howard then moved for a mistrial outside the presence of the prospective jurors. He argued that Juror 116's statement essentially constituted Ind. Evidence Rule 404(b) material and now "the jury knows there have been at least prior bad acts in that guys [sic] opinion." *Id*. at 59. The trial court denied Howard's motion, finding that statements of jurors are not evidence, that Juror 116's statement was ambiguous and could have referred to non-criminal acts or traffic-related issues, and that because the parties had agreed to stipulate to the jury that Howard was a habitual traffic violator, "the very nature" of the offense

showed that Howard had prior bad driving acts. *Id*. at 61. The trial court concluded that Juror 116's statement did not "rise[] to the level of requiring a mistrial which is an extreme remedy for incurable issues." *Id*. The trial court also commented that the impact from Juror 116's comment could "be easily brushed away" during opening or closing statements. *Id*. at 62. The trial court offered to provide an admonishment if Howard so desired, but Howard declined because he did not want to draw attention to Juror 116's statement.

[7] The prospective jurors were then brought back into the courtroom and voir dire of the new prospective jurors in the jury box, including Juror 116, continued. At the conclusion of questioning of those prospective jurors, Juror 116 was excused. At the conclusion of trial, the jury found Howard guilty as charged, and the trial court sentenced him to an aggregate term of 2068 days. Howard now appeals. Additional facts will be provided as necessary.

## Discussion & Decision

[8] The grant or denial of a motion for mistrial rests within the sound discretion of the trial court and is reviewed for an abuse of discretion. *Brittain v. State*, 68 N.E.3d 611, 619 (Ind. Ct. App. 2017), *trans. denied*. We afford the trial court great deference on appeal because the trial court is in the best position to evaluate the relevant circumstances of an event and its impact on the jury. *Id*. at 620. To prevail on appeal from the denial of a motion for a mistrial, the appellant must demonstrate that the statement or conduct in question was so prejudicial and inflammatory that he was placed in a position of grave peril to

which he should not have been subjected. *Id*. The declaration of a mistrial is an extreme action that is warranted only when no other action can be expected to remedy the situation. *Kemper v. State*, 35 N.E.3d 306, 309 (Ind. Ct. App. 2015), *trans. denied*.

[9] Howard argues that a mistrial was warranted because Juror 116's comment indicated to the jury that he had prior bad acts. We disagree. As the trial court pointed out, Juror 116's statement was ambiguous as to what Juror 116 meant when he stated that he had "seen [Howard] duck trouble" in the past. *Transcript Vol. 2* at 56. This statement did not necessarily indicate that Howard had a criminal record. In any vein, the trial court also properly recognized that it was clear from the nature of the case that Howard had prior traffic-related bad acts. Indeed, the parties stipulated that Howard was a habitual traffic violator.

[10] Further, we note that Juror 116 stated that he had not formed an opinion as to Howard's guilt and that he would be able to set aside his opinions and knowledge he had of Howard and render an impartial verdict based on the law and the evidence presented during the trial. This indicated to other prospective jurors that whatever prior knowledge Juror 116 had of Howard was not so serious or prejudicial that it should have any impact on the case at hand.

[11] Finally, the trial court conveyed to each prospective juror, through its explanation of voir dire and its questioning, that they would have to render a verdict only on the evidence presented during the trial. Upon being sworn in, each juror took an oath that they would "return a true verdict according to the

law and the evidence as it is presented to you during this trial." *Id.* at 80. Thereafter, the trial court also instructed the empaneled jury that their verdict must be based "solely upon what you see and hear in this Court" and "not be influenced in any way by information, opinions, or publicity outside the Courtroom." *Id.* at 82, 83.

[12] In light of the forgoing, we conclude that the trial court properly denied Howard's motion for a mistrial as Juror 116's comments were not so prejudicial as to place Howard in a position of grave peril. *See Hise v. State*, 452 N.E.2d 913 (Ind. 1983) (holding that prospective juror's comment that she could not presume the defendant to be innocent because she knew the defendant too well did not place the defendant in grave peril and thus, trial court did not abuse its discretion in denying defendant's motion for mistrial); *Stroud v. State*, 450 N.E.2d 992 (Ind. 1983) (holding that prospective juror's comment that she could not hear the case fairly and impartially because her daughters knew the defendant and she feared for their safety did not relate to any substantive facts or evidentiary matters that would prejudice the other jurors such that a mistrial was warranted).

[13] Judgment affirmed.

Brown, J. and Tavitas, J., concur.