PHILIP DIXON, JR. *v.* STATE OF INDIANA.

[No. 172A30. Filed June 21, 1972.]

*Mrs. Harriette Bailey Conn,* Public Defender of Indiana, *David J. Colman,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Mark Peden,* Deputy Attorney General, for appellee.

PER CURIAM.—This cause is before us on the Public Defender's Petition to Withdraw as pauper counsel for Phillip Dixon, Jr., in the within cause which is an appeal from an adverse judgment upon Dixon's petition for post conviction relief.

Dixon was convicted of the offense of sodomy on March 28, 1969, and subsequently sentenced. An appeal was perfected and the conviction affirmed by our Supreme Court. (See *Dixon* v. *State* (1971), 256 Ind. 266, 268 N. E. 2d 84.) Dixon's petition for post conviction relief, having previously been denied pending appeal, was reinstated, and the cause was heard with Dixon being represented by the Public Defender. Dixon's petition for post conviction relief was denied.

Thereafter, Dixon, by his counsel, timely filed his motion to correct errors with attached memorandum, which motion was subsequently overruled, and this appeal followed.

On April 3, 1972, the Public Defender filed herein her "Petition to Withdraw" alleging therein as cause for the Petition that: "this is not a first appeal and a second appeal in this matter is wholly frivolous."[1]

The Public Defender has submitted with her Petition to Withdraw the "Brief of Defendant-Appellant" wherein she set out three alleged errors raised by Dixon's petition for post conviction relief. While the Public Defender did present in the brief arguments which might have supported Dixon's three alleged errors, the brief also contained statements of opinion by the Public Defender which, in substance, reflected adversely upon those alleged errors, and in general concluded that the three errors raised were wholly frivolous.

On May 1, 1972, the Attorney General, representing the State of Indiana, filed a motion to dismiss or in the alternative a motion to extend time, which motion alleged that no genu-

---

1. The reference by the Public Defender labeling this appeal from denial of post conviction relief as a "second appeal" is not correct, since an appeal from an adverse judgment on a petition for post conviction relief is not based on the original conviction.

ine issues were presented in the appeal of Dixon from the denial of his petition for post conviction relief. The Public Defender has also filed herein a "Petition for Instructions" wherein she requested this Court to rule upon her petition to withdraw, or in the alternative, to transfer this cause to the Supreme Court under Rule AP. 4(A)(10).

We are thus faced with the question of deciding whether it is proper for the Public Defender, a statutory officer of the Court appointed to defend those who lack funds to retain private counsel, to petition to withdraw from a case based upon the Public Defender's opinion that the appeal is wholly frivolous.[2]

Our answer to that question must, we feel, be in the negative, and we base our answer on the following analysis.

As the Public Defender aptly pointed out in the memorandum accompanying her petition, the controlling rule of law which governs the withdrawal of pauper counsel on appeal is found in *Anders* v. *California* (1967), 387 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396, [rehearing denied].

The *Anders* decision, written by Justice Clark, brought about the demise of the "no merit letter" procedure previously used in California by appellate counsel to withdraw from pauper cases.[3] In its place, the court set out the following which suggests a constitutionally permissible procedure for allowing appellate counsel to withdraw:

> "Of course if counsel finds his case to be *wholly frivolous* (our emphasis) after a conscientious examination of it, he should still advise the court and request permission to withdraw. That request *must,* however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—*not the counsel*—then proceeds, after a full examination of all proceedings, to decide whether the case is wholly frivolous.

2. Ind. Ann. Stat. § 13-1401 (Burns 1956); *State ex rel. Fulton* v. *Schannen* (1946), 224 Ind. 55, 64 N.E. 2d 798.

3. See *In Re Nash* (1964), 393 P. 2d 405.

If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as Federal requirements are concerned, *or proceed to a decision on the merits, if state law so requires* (our emphasis). On the other hand, if it finds any legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal."

At the present time, *Anders* v. *California supra,* has been cited in only three instances in this State. The first reference found to the *Anders* case is *State* v. *The Morgan Circuit Court* (1967), 249 Ind. 115, 234 N. E. 2d 498, wherein our Supreme Court refused to apply retroactively the procedure for reappointment of appellate counsel, as set out in the *Anders* opinion, since it was not explicitly held by the Supreme Court of the United States to have that effect. The remaining references are found in *Robbins* v. *State* (1968), 251 Ind. 313, 241 N. E. 2d 148, 153, and *Cline* v. *State* (1969), 253 Ind. 264, 252 N. E. 2d 793, 796. In neither of the last two cases where *Anders* was cited, was there any reference to the situation concerning the withdrawal of an indigent's appellate counsel.

In examining the reaction of other jurisdictions to the procedure suggested in *Anders* for withdrawal of appellate counsel, our research discloses a variety of applications which spans a spectrum ranging from a complete acceptance to its complete rejection.

In the states of Arizona, Florida, Illinois, Texas, and Washington, it is clear that their state courts have allowed appellate counsel to withdraw on a wholesale basis. Typical of such procedure is that found in Illinois where, after the motion to withdraw has been filed by the appointed counsel, a copy of the brief is sent to the defendant and he is given 30 days from the time of its receipt to file any further or additional points or authorities. From an examination of the Illinois cases, it is clear that seldom, if ever, does the defendant reply, and the court then proceeds to affirm the decision in a short opinion. It should be noted, however,

that in all jurisdictions except Wisconsin, the conviction of the defendant is affirmed by written opinion which points out why that particular appeal has no merit. In Wisconsin, while applying the *Anders* doctrine, the court initially issues an unpublished per curiam opinion affirming the conviction; if the defendant then files his own brief, the pro se brief is considered and usually rejected by written opinion answering those issues raised by the defendant. (See *State* v. *Herfel* (1971), 182 N. W. 2d 232).

Three jurisdictions have specifically rejected the procedure set down in *Anders* v. *California supra,* and instead hold that an appellate counsel should not seek to withdraw from a case simply because he feels the appeal would be frivolous.

The State of Utah in *State* v. *Cheelester* (1971), 488 P. 2d 1045, simply rejected the procedure as laid down in *Anders* with no explanation nor reasoning to justify its decision.

The second jurisdiction to reject the *Anders* doctrine was Colorado. In *McClendon* v. *People* (1971), 481 P. 2d 715, the Supreme Court of Colorado which, when presented with the question of when the Public Defender was required to prosecute an appeal and the duties which accompanied his representation of an indigent, elected to apply the ABA Standards as proposed in "The Prosecution Function and the Defense Function" rather than to follow the *Anders* doctrine. More specifically, the Colorado Court quoted and adopted the ABA Standards as follows:

"(1)  Counsel should not seek to withdraw from a case because of his determination that the appeal lacks merit.

"(2)  Counsel should give his client his best professional estimate of the quality of the case and should endeavor to persuade the client to abandon a wholly frivolous appeal, or to eliminate particular contentions that are lacking in any substance.

"(3)  If the client wishes to proceed, it is better for counsel to present the case, so long as his advocacy does not involve deception or misleading of the court. After preparing and filing a brief, on behalf of the client, counsel

may appropriately suggest that the case be submitted on briefs.

"(4) Unexplained, general requests by appellants for dismissal of their assigned counsel should be viewed with disfavor."

The most cogent rejection of the *Anders* doctrine, and the opinion which best represents our view on this particular problem is found in *State* v. *Gates* (1971), 466 S. W. 2d 681. In the *Gates* case, the Supreme Court of Missouri held that an appellate counsel, whether employed or appointed, has a duty and responsibility in criminal cases to prepare and submit to the appellate court a brief defining legal principles upon which claims of error are based, and designating and interpreting relevant portions of the transcript of the trial. In arriving at this decision, the Supreme Court of Missouri, after considering the *Anders* case, chose to adopt the ABA's standards rather than allow court appointed appellate counsel to withdraw. The Missouri court recognized the dilemma faced by the appellate counsel who, on the one hand, has a duty to defend a client, and on the other, feels that any specifications of error which might be raised were wholly frivolous. In speaking of this dilemma, the court in *State* v. *Gates, supra,* cited from the advisory committee as follows:

"On the premise that a lawyer is of greater aid to the court by remaining with a weak or groundless appeal than by withdrawing, the preferable position is for him to remain even at some cost to the concept of professional independence of the lawyer. The lawyer cannot properly engage in advocacy calculated to mislead or deceive the court, and no lawyer should do so. But, in this situation, appearance of counsel is not an implicit representation to the court that he believes in the legal substantiality of contentions advanced. The court should not take an absence of a request to withdraw as an indication of the lawyer's own estimate of the case. Nor should the lawyer compromise his relationship with and duty toward his client by subtle or open disclaimers of personal belief in the merits of any given argument. He can, in good conscience, communicate to the court the issues and whatever can be said

in support of them without, at the same time, advising the court that he is aware of the weakness of the position."

\* \* \*

"The approach recommended in the standard, as elaborated in the foregoing commentary, supplements the standard recommended by this Advisory Committee in the report, ABA Standards, Providing Defense Services § 5.3 (Approved Draft, 1968) as follows:

" 'Counsel should not seek to withdraw because he believes that the contentions of his client lack merit, but should present for consideration such points as the client desires to be raised provided he can do so without compromising professional standards.' "

The Missouri Court concluded that:

"We are of the opinion that the position of the Advisory Committee should be followed, at least until the Supreme Court of the United States has spoken definitively on the question. Accordingly, it may be reasonably anticipated in criminal cases on direct appeal (and in appeals from denial of motions to vacate filed under Rule 27.26, V.A. M.R.): (1) that applications of counsel to withdraw because the appeal is considered frivolous will be denied; (2) that this Court will insist that counsel for appellants prepare and file briefs which comply with the dictates of *Swenson* v. *Bosler*, (386 U.S. 258). . . ."

We, like the Missouri Court, are of the opinion that the position taken by the Advisory Committee should be followed. While we recognize that *State* v. *Gates, supra,* dealt with a direct appeal, the remedy provided by Rule P.C. 1 and the grounds upon which such action is based[4] leads us to conclude that petitioners seeking relief

---

4. "(1) that the conviction or the sentence was in violation of the Constitution of the United States or the constitution or laws of this state;

"(2) that the court was without jurisdiction to impose sentence;

"(3) that the sentence exceeds the maximum authorized by law; or is otherwise erroneous;

"(4) that there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice;

under the rules provided for post conviction remedies should be given the same right to effective counsel as they would in a direct appeal.

Additionally, if this court were to allow withdrawal by the Public Defender in accordance with *Anders, supra,* several practical problems would arise, namely; appointment of new counsel should this court find merit to the appeal; representation of the petitioner should he desire to file a petition to transfer, challenging this court's determination of his appeal; and the additional cost of new counsel to the taxpayers.

Furthermore, even if we agreed with the procedure for withdrawal of appellate counsel set out in the *Anders* case, it is clear that Rule P.C. 1(9) mandates the Public Defender to represent paupers on appeals from denials of petitions for post conviction remedies.

Prior to the adoption of Rule P.C. 1, a line of authority established the rule the Public Defender was: "under no obligation or authority to represent persons convicted of crimes when there is no merit to a belated motion for a new trial, a belated appeal or other post conviction remedy." *Willoughby* v. *State* (1961), 242 Ind. 183, 167 N. E. 2d 881; *McCrary* v. *State* (1961), 241 Ind. 518, 173 N. E. 2d 300; *State ex rel. Casey* v. *Murray* (1952), 231 Ind. 74, 106 N. E. 2d 911. However, it is important to note that these prior holdings were based upon an interpretation of Ind. Ann. Stat. 13-1405 (Burns 1956) which reads in part as follows:

> "The Public Defender *may* order on behalf of any prisoner he represents a transcript of any court proceedings, . . . at the expense of the state, . . ." (Our emphasis.)

"(5) that his sentence has expired, his probation, parole or conditional release unlawfully revoked, or he is otherwise unlawfully held in custody or other restraint;

"(6) that the conviction or sentence is otherwise subject to collateral attack upon any ground of alleged error heretofore available under any common law, statutory or other writ, motion, petition, proceeding, or remedy; may institute at any time a proceeding under this rule to secure relief."

Rule P.C. 1(9) however is couched in mandatory rather than permissive language concerning the Public Defender's duties to represent pauper petitioners.

In pertinent part, Rule P.C. 1(9) states:

"The Public Defender *shall* serve as counsel for petitioner, representing him in *all proceedings* under this rule, including appeal, if necessary." (Our emphasis.)

We readily admit that one could interpret "if necessary" in such a manner as would allow the Public Defender to proceed or not to proceed with an appeal from a Rule P.C. 1 action at her discretion.[5] However, considering the use of the mandatory word "shall" and additionally the use of the words "all proceedings" in Rule P.C. 1(9) we must conclude that the words "if necessary" relate to any situation where a trial court renders a decision adverse to the petitioner, and petitioner wishes to appeal the denial of his petition for post conviction relief. Accordingly, under Rule P.C. 1 it becomes necessary for the Public Defender to represent a petitioner on appeal if (1) the trial court renders an adverse decision on the post conviction petition, and (2) the petitioner wishes to appeal the adverse decision.

Since our Supreme Court has adopted and promulgated the new Post Conviction Rules, we must conclude that it intended to abrogate its prior rulings in *Willoughby* v. *State, supra; McCrary* v. *State, supra;* and *State ex rel. Casey, supra.*

The Public Defender's Petition to Withdraw is hereby denied, and the appellee's Motion to Dismiss is overruled.

The Public Defender shall, upon receipt of this opinion, withdraw the "Brief of the Defendant-Appellant" heretofore filed on April 3, 1972, and within 30 days file an amended appellant's brief.

---

5. But see *Lane* v. *Brown* (1963), 372 U.S. 477, 9 L. Ed. 892, 83 S. Ct. 768.

The appellee is granted leave to file its answer brief to the amended "Brief of the Defendant-Appellant" within 30 days after its filing.

NOTE.—Reported in 284 N. E. 2d 102.