ELVIN EUGENE HENDRIXSON *v*. STATE OF INDIANA.

[No. 2-873A177. Filed September 11, 1974.]

*Harriette Bailey Conn* [*Mrs.*], Public Defender of Indiana, for appellant.

*Theodore L. Sendak*, Attorney General, *John H. Meyers*, Deputy Attorney General, for appellee.

ON PETITION FOR REHEARING

GARRARD, J.—Five days after our decision denied relief in this cause, our Supreme Court decided *Simmons* v. *State* (1974), 262 Ind. 19, 310 N.E.2d 872.

Our original opinion denied defendant's right to file a belated motion to correct errors to supplement his attack on the trial court's denial of PCR 1 relief. This we deemed necessary under the construction that such appeals are governed by the rules of civil procedure.

In *Simmons,* however, the court was confronted with a belated motion to correct errors where no timely motion had been filed following the trial court's denial of PCR 1 relief. The defendant had timely and repeatedly requested the public defender to perfect an appeal, but she failed to do so. Likening the situation to the right-of-appeal—withdrawal-of-counsel cases,[1] a unanimous court determined the appeal should be permitted.

In *Dixon* v. *State* (1972), 152 Ind. App. 430, 284 N.E.2d 102, our second district rejected the public defender's petition to withdraw from an appeal which contested the denial of post conviction relief. The petition asserted the grounds for appeal were frivolous. The court rejected the withdrawal procedure permitted under *Anders* v. *California* (1967), 386 U.S. 738, and instead adopted the position taken by the Advisory Committee on ABA Standards. We express our agreement wtih the position taken in *Dixon.*

In the context of these decisions, we return to the facts presented in this appeal.

The defendant requested the public defender to prosecute an appeal from the denial of PCR 1 relief. He specifically requested the public defender to raise the issue subsequently sought to be presented by the belated motion. Contrary to the facts in *Simmons,* the public defender did file a timely

1. See, Anders v. California (1967), 386 U.S. 738; Dixon v. State (1972), 152 Ind. App. 430, 284 N.E.2d 102.

motion to correct errors. While this motion covered other matters raised by the defendant, it omitted any assignment that presented the issue in question, an issue defendant had expressly indicated his desire to raise. From appellant's brief it appears the public defender considered the issue frivolous. When defendant continued to express his desire to present the issue, the belated motion to add it was presented to the court.

The fair construction of *Simmons* is that a belated motion to correct errors will be permitted to be addressed to the denial of PCR 1 relief where, in fact, the defendant demonstrates his diligence in attempting to secure a timely appeal.

We conclude that where that same diligence is shown in defendant's express desire to raise a specific error, the same result obtains. This does not mean that defense counsel should not give his client his best professional estimate of the value of the point or should not endeavor to persuade the client to abandon frivolous matters.[2] Where, however, the client remains adamant, his right to a judicial determination would be no less thwarted by permitting his attorney to omit issues the attorney deems frivolous, than by permitting the attorney to determine the entire appeal worthless.[3]

Rehearing is therefore granted, our prior opinion is vacated and the judgment of the trial court is reversed with instructions to permit the filing of the belated motion to correct errors.

2. See, ABA Standards Relating to Criminal Appeals (Approved Draft 1970) § 3.2, pp. 73-74.

3. Dr. Johnson's reply to Boswell upon being asked what he thought of "supporting a cause which you know to be bad" was: "Sir, you do not know it to be good or bad till the Judge determines it. I have said that you are to state facts fairly; so that your thinking, or what you call knowing, a cause to be bad, must be from reasoning, must be from supposing your arguments to be weak and inconclusive. But, Sir, that is not enough. An argument which does not convince yourself, may convince the Judge to whom you urge it; and if it does convince him, why, then, Sir, you are wrong, and he is right." 2 Boswell, The Life of Johnson 47-48 (Hill ed. 1887).

Hoffman, C.J. and Staton, J., concur.

NOTE.—Reported at 316 N.E.2d 451.