**Clifton BOONE, Appellant (Petitioner Below),**

v.

**STATE of Indiana, Appellee (Respondent Below).**

No. 582S167.

Supreme Court of Indiana.

June 20, 1983.

Susan K. Carpenter, Public Defender of Ind., Paul Levy, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Petitioner (Appellant) was convicted of three counts of Kidnapping, Ind.Code § 35–1–55–1 (Burns 1975), and one count of Rape, Ind.Code § 35–13–4–3 (Burns 1975), and was sentenced to life imprisonment upon each of the Kidnapping convictions and to twenty-one (21) years imprisonment upon the Rape conviction. On direct appeal, this Court affirmed. *Boone v. State,* (1978) 267 Ind. 493, 371 N.E.2d 708. This appeal from the denial of post conviction relief presents the following issues:

(1) Whether Petitioner was denied the effective assistance of counsel because his trial attorney failed to preserve an issue of asserted juror bias for appeal.

(2) Whether Petitioner was denied the effective assistance of counsel on appeal.

(3) Whether the sentences imposed were manifestly unreasonable under Ind.R.App. Rev.Sen. 2(1).

█ Before proceeding to Petitioner's claims, we note our standard of review in post conviction proceedings:

"Petitioner had the burden of proof and stands in the shoes of one appealing from a negative judgment. The trial judge, as trier of the facts, is the sole judge of the weight of the evidence and the credibility of the witnesses. It is only where the evidence is without conflict and leads to but one conclusion, and the trial court has reached an opposite conclusion, that the decision will be disturbed as being contrary to law." *Neville v. State,* (1982) Ind., 439 N.E.2d 1358, 1360 (citations omitted).

\*     \*     \*     \*     \*     \*

## ISSUE I

█ Petitioner first contends that his trial attorney was ineffective as evidenced by the following waiver:

"Finally appellant argues that he did not receive a fair trial in that certain members of the jury were biased because they had sat on another jury involving rape a short time prior to this trial. However the voir dire examination was not recorded for the purposes of this ap-

peal. Furthermore the record reveals that appellant's trial counsel specifically accepted the jury as chosen. Thus there being no objection to the jury on the record, this issue must be deemed waived. *Torrence v. State* (1971), 255 Ind. 618, 266 N.E.2d 1." *Boone v. State*, (1978) 267 Ind. 493, 495, 371 N.E.2d 708, 709.

The failure to request that the voir dire examination be recorded does not constitute ineffective assistance of counsel. *Crisp v. State*, (1979) Ind., 394 N.E.2d 115, 119. Neither do we think that the jurors' prior experience, standing alone, constituted grounds for challenge. *See Brown v. State*, (1977) 266 Ind. 82, 89, 360 N.E.2d 830, 835. The record contains only the record of the original trial and Petitioner's testimony, which was a statement of his opinion unsubstantiated by evidence, that these jurors were potentially biased. *Begley v. State*, (1981) Ind., 416 N.E.2d 824, 827. The trial court was not obligated to credit Petitioner's testimony. *Popplewell v. State*, (1981) Ind., 428 N.E.2d 15, 17. While Petitioner speculates, based upon the original Motion to Correct Errors, that counsel had intended to preserve this error, there is no showing that there was any error to preserve nor that these jurors were actually biased against him by virtue of their prior service. *See Begley v. State, supra; Rector v. State,* (1976) 264 Ind. 78, 86–87, 339 N.E.2d 551, 556–57.[1] Petitioner has not met his burden of demonstrating that the judgment denying relief upon this issue is contrary to law.

## ISSUE II

■ Defendant's claim of ineffective assistance of counsel on appeal is predicated upon the contents of the Brief wherein pauper counsel, who had not tried the case, candidly admitted that his search of the

record revealed no grounds for reversing the judgment. *See Dixon v. State,* (1972) 152 Ind.App. 430, 284 N.E.2d 102 (per curiam). Thus, he concluded that he could not in good faith or good conscience represent that a remand or reversal was warranted. Nevertheless, the post conviction judge found that this Court had disposed of the arguments presented upon their merits. The record contains nothing to prove that appellate counsel's conclusion that the appeal lacked merit was other than bona fide. *See Anders v. California,* (1967) 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493, 498. Appellate counsel was not called as a witness at the post conviction hearing. *Cochran v. State,* (1983) Ind., 445 N.E.2d 974, 976.

We note that the Motion to Correct Errors contained eight paragraphs. Paragraph one claimed error in the admission of the testimony of the victims because, prior to trial, each had identified someone else as the perpetrator of the Rape. This matter relates to weight; not admissibility. *Lane v. State,* (1983) Ind., 445 N.E.2d 965, 967. Paragraphs two and three treated the issue of bias in the jury, which we have deemed to have been waived for failure to have recorded the voir dire examination. We have again treated this matter in Issue I, supra. Paragraphs four and eight challenged the sufficiency of the evidence. On direct appeal, we found that it was sufficient. Paragraph five nonspecifically assigned error to the admission of "inadmissible evidence." *Whitfield v. State,* (1977) 266 Ind. 629, 632, 366 N.E.2d 173, 174. We found certain items of evidence to have been admissible over Petitioner's objections. By paragraph six, Petitioner sought to renew "all objections and incorporate said

---

1. The allegation in the motion to correct errors allows an inference, to which the post conviction judge alluded during the hearing, that the voir dire examination revealed no basis for a challenge for cause:

   "3. That the total Jury Panel available for the State of Indiana vs. Clifton Boone trial were permeated by this prejudice thus making it impossible for Clifton Boone to receive a fair trial under the Fifth (5th) Amendment of the

United States Constitution's due process clause. That Defendant's counsel exercised all ten (10) challenges and was still forced to retain approximately seven (7) members from the prior Jury Panel in State of Indiana vs. Steven Miller, that it allowed ten (10) peremptory, which was inadequate considering the Trial the immediate week before and the severity of the charges against Clifton Boone." R. at 330–31.

objections into his Motion to Correct Errors." This allegation was not sufficiently specific to have preserved any claim for review. *Guardiola v. State*, (1978) 268 Ind. 404, 405, 375 N.E.2d 1105, 1107. Lastly, in paragraph seven, Petitioner assigned error to the denial of his motion for a directed verdict, an assignment which he abandoned when he presented evidence in his defense. *Ingram v. State*, (1981) Ind., 426 N.E.2d 18, 19.

Though Petitioner asserts various failings of his appellate counsel, which he claims rise to the level of abdicating the responsibilities of an attorney, he does not specifically address any one meritorious issue claimed to have been overlooked by counsel on appeal. *See Conrad v. State*, (1980) Ind., 406 N.E.2d 1167, 1169; *Rector v. State*, (1979) 270 Ind. 684, 686–87, 389 N.E.2d 279, 281; *Kindle v. State*, (1974) 161 Ind.App. 14, 20, 313 N.E.2d 721, 725 (trans. denied). More importantly, with the exception of the absence of a record upon the allegation of juror bias, he does not explain how or why the record was inadequate to allow review of "arguably meritorious claims," none of which are raised in his Brief in this appeal. Consequently, we conclude that Petitioner has not met his burden of demonstrating that the post conviction judge's denial of relief upon this issue is contrary to law.

## ISSUE III

■ Petitioner next contends that his three life sentences and twenty-one year term of imprisonment are manifestly unreasonable. Ind.R.App.Rev.Sen. 2(1), in light of his ineligibility for parole, Ind.Code § 11–13–3–2(b)(3) (Burns 1981) and his youth, age 19 at the time of the offenses, and that the crimes were not accompanied with bodily injury and the first trial ended in a hung jury, after which, the State offered a ten year sentence in exchange for a guilty plea. At the hearing upon this petition, Petitioner testified that he feels he has no future and that he has realized that he erred in protecting others allegedly involved in the criminal incident.

"We are not at liberty to set aside a sentence simply because, on the record, it may seem severe. It is only when the sentence is grossly disproportionate or unquestionably excessive that the constitutional limitations are intended to apply." *Kennedy v. State*, (1979) Ind., 393 N.E.2d 139, 143, *cert. denied*, (1980) 444 U.S. 1047, 100 S.Ct. 737, 62 L.Ed.2d 734. (Citations omitted).

The post conviction judge expressed considerable hesitation to revise Petitioner's statutorily mandated sentence for fear of acting beyond his jurisdiction. *See Palmer v. State*, (1981) Ind., 418 N.E.2d 530, *cert. denied, sub. nom. Bontrager v. Supreme Court of Indiana*, (1981) 454 U.S. 1046, 102 S.Ct. 587, 70 L.Ed.2d 488. Petitioner may not be completely without a remedy. His remedy, if any, however, lies with an application to the parole board. Ind.Code § 11–9–2–1 et seq. (Burns 1981); *See Hatton v. State*, (1982) Ind., 439 N.E.2d 565, 570.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.