**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANTS:

**JOHN J. JEWELL**
Trimble & Jewell
Evansville, Indiana

ATTORNEY FOR APPELLEE:

**KURT V. LAKER**
**RAYANNA ALEXANDER BINDER**
Doyle Legal Corporation, P.C.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANGELA D. DRISKELL, BOB R. DEHAVEN, and BLONNIE V. DEHAVEN, | ) ) ) | |
| Appellant-Defendant, | ) ) | |
| vs. | ) ) | No. 82A01-1108-PL-358 |
| OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY, | ) ) ) ) | |
| Appellee-Plaintiff. | ) ) | |

APPEAL FROM THE VANDERBURGH SUPERIOR COURT
The Honorable David Kiely, Judge
Cause No. 82D03-0906-PL-3202

**March 29, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

The appellants in this case, Angela Driskell, Bob R. Dehaven, and Blonnie Dehaven, all possess an ownership interest in the property located at 9412 Trotter Circle (the Property) in Evansville, Indiana. This property was the subject of a mechanic's lien whose validity lies at the heart of this appeal. We conclude, however, that the relief sought has been obtained by other means and the appeal has thus been rendered moot.

We dismiss.

In addition to Driskell and the Dehavens, Alfred Bauer, Jr., Alfred Bauer Construction Company (Bauer Construction), and Bauer Homes, Inc. also appeared as party defendants in the action below. On May 14, 2008, Kight Lumber Company (Kight) provided materials to Bauer Construction to be used in construction work on the Property. At that time, Bauer Homes was the titled owner of the Property. On July 3, 2008, Kight filed a mechanic's lien on the Property in the Office of the Recorder of Vanderburgh County, Indiana. The mechanic's lien was filed against Bauer Construction, and incorrectly listed Bauer Construction, not Bauer Homes, as the owner of the Property. Driskell and the Dehavens purchased the Property from Bauer Homes, as recorded by warranty deed on July 28, 2008.

Kight filed suit against Bauer for unpaid bills and on May 6, 2010, default judgment was entered against Bauer. Also on May 6, 2010, Kight filed against, among others, Bauer, Driskell, and the Dehavens its "Amended Complaint On Account and to Foreclose Mechanic's Lien". *Appellant's Appendix* at 1. On June 25, 2009, Kight filed suit against Bauer, Driskell, and the Dehavens based upon its mechanic's lien. On September 15, 2010, Kight filed an amended motion for summary judgment, and Driskell and the Dehavens

followed with a summary judgment motion of their own on October 1, 2010. On June 28, 2011, the trial court held a hearing on the competing summary judgment motions, after which, on July 13, 2011, it entered summary judgment of foreclosure in favor of Kight. In that judgment, the court determined that the mechanic's lien was valid and the Property was thereby subject to foreclosure. The court also ruled that the amount of the money judgment previously entered against Bauer would be $10,742.41. Driskell and the Dehavens filed a motion to correct errors on July 26, 2011. In their motion, Driskell and the Dehavens reiterated their claim that there was no valid mechanic's lien against the Property that could be foreclosed. The trial court denied the motion.

On August 17, 2011, Driskell and the Dehavens initiated this appeal. On September 10, 2011, Kight executed an Assignment of Judgment transferring all right, title, and interest in its judgment against the appellants to Old Republic National Title Insurance Company (Old Republic). On September 11, 2011, Kight executed an Assignment of Mechanic's Lien transferring to Old Republic its right, title, and interest in the mechanic's lien on the Property. On November 9, 2011, Old Republic docketed a release of judgment, which provided in relevant part as follows:

> [Old Republic], the current holder of the Summary Judgment of Foreclosure entered in the above captioned cause of action on June 28, 2011, does hereby release its judgment and right to foreclose on the real estate commonly known as 9412 Trotter Circle, Evansville, Indiana …. The IN REM judgment concerning the interests of Defendants Angela D. Driskell, Bob R. Dehaven, [and] Blonnie Dehaven is hereby RELEASED. The monetary judgment against Alfred R. Bauer remains in place.

Verified Motion to Dismiss Appeal Pursuant to Indiana Rule of Appellate Procedure 34(B) at

3

*Exhibit B*. Also on November 9, 2011, Old Republic recorded a Release of Mechanic's Lien that provided as follows: "Old Republic … does hereby acknowledge the release of the Mechanic's Lien recorded on July 3, 2008 …. The lien in the principal amount of $5,429.05 encumbers the real property … [c]ommonly known as: 9412 Trotter Circle, Evansville, Indiana." *Id*. at *Exhibit D*.

On November 14, 2011, Old Republic filed with this court a Verified Motion To Substitute a Party Pursuant to Indiana Rule of Appellate Procedure 34(B)(4), asking to be substituted for Kight as Kight's successor in interest in the judgment being appealed. We granted that motion on November 17. At the same time it filed its motion to substitute parties, Old Republic filed a Verified Motion to Dismiss Appeal Pursuant to Indiana Rule of Appellate Procedure 34(B). In its motion, Old Republic stated:

> The instruments giving rise to this appeal including the judgment and Mechanic's Lien encumbering the Real Estate have been released. Therefore, this appeal concerning the validity of the lien and the resulting judgment is moot as the relief sought by the Appellants has been already been [sic] effectuated. The Judgment as against the Real Estate and the Appellants' interest therein has been released.

Verified Motion to Dismiss Appeal Pursuant to Indiana Rule of Appellate Procedure 34(B) at 3. Before the case was assigned to this panel for disposition, a motions panel of this court denied the motion to dismiss. Not surprisingly, Old Republic thereafter declined to file an appellee's brief.

"'It is well established that we may reconsider a ruling by the motions panel.'" *Miller v. Hague Ins. Agency, Inc.*, 871 N.E.2d 406, 407 (Ind. Ct. App. 2007) (quoting *Cincinnati Ins. Co. v. Young,* 852 N.E.2d 8, 12 (Ind. Ct. App. 2006), *trans. denied)*. Although we are

4

reluctant to do so, we may overrule motions panel orders, based upon our inherent authority to reconsider any decision while an appeal remains *in fieri*. *Miller v. Hague Ins. Agency, Inc.*, 871 N.E.2d 406. We conclude that the circumstances of this case justify revisiting the decision to deny Old Republic's motion to dismiss.

The title of Old Republic's motion to dismiss, i.e., Verified Motion to Dismiss Appeal Pursuant to Indiana Rule of Appellate Procedure 34(B), creates a misimpression as to the grounds upon which the motion is based. App. R. 34(B) governs motions that may be ruled upon by the Court of Appeals without waiting for a response. It does not apply to motions to dismiss. Moreover, we note that the body of the motion to dismiss identified the statutory grounds for the motion as Indiana Rule of *Trial* Procedure 34(B). Obviously, the proponent of the motion conflated one rule with the other. Regardless, T.R. 34(B) governs discovery matters and, like App. R. 34(B), does not apply to motions to dismiss. In point of fact, the substance of the motion to dismiss leaves no doubt as to the actual ground for the motion – mootness. "The long-standing rule in Indiana courts has been that a case is deemed moot when no effective relief can be rendered to the parties before the court." *Mosley v. State,* 908 N.E.2d 599, 603 (Ind. 2009). "When the concrete controversy at issue in a case has been ended or settled, or in some manner disposed of, so as to render it unnecessary to decide the question involved, the case will usually be dismissed." *Id.*

In its verified motion to dismiss, Old Republic noted that the appellants in this case are Driskell and the Dehavens and that they appeal a summary judgment of foreclosure against them, which in turn was based entirely upon the trial court's conclusion that Kight's

5

mechanic's lien was valid. Old Republic submitted documentation supporting its verified claim that it released the mechanic's lien and has released the judgment against Driskell and the Dehavens, as well as its right to foreclose upon the Property, based upon the mechanic's lien. Also, Old Republic has documented its verified claim that it has recorded with the Office of the Recorder of Vanderburgh County a release of the mechanic's lien that is at the heart of this appeal. This accomplished in practical terms precisely what Driskell and the Dehavens seek in this lawsuit – a voiding of the mechanic's lien and reversal of the summary judgment of foreclosure against the Property. All that remains in the wake of the releases executed by Old Republic is the default judgment against Bauer personally. We note that Bauer has never appeared in person or by counsel in this lawsuit, either below or upon appeal. In short, the appellants have attained the relief they sought in this appeal and there is no remaining relief we can grant. The appeal is now moot. *See Mosley v. State,* 908 N.E.2d at 603 ("[t]he long-standing rule in Indiana courts has been that a case is deemed moot when no effective relief can be rendered to the parties before the court"). Accordingly, we grant Old Republic's verified motion to dismiss this appeal. *See id*. ("[w]hen the concrete controversy at issue in a case has been ended or settled, or in some manner disposed of, so as to render it unnecessary to decide the question involved, the case will usually be dismissed").

Appeal dismissed.

RILEY, J., and MATHIAS, J., concur.