# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 09 2017, 9:34 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Joel C. Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Robert J. Henke
David E. Corey
Deputy Attorneys General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In the Matter of: U.F., A.F. & N.F. *(Minor Children)* *Children in Need of Services* and L.F. *(Mother)*, *Appellant-Respondent,* v. The Indiana Department of Child Services, *Appellee-Petitioner.* | May 9, 2017 Court of Appeals Case No. 60A01-1607-JC-1677 Appeal from the Owen Circuit Court The Honorable Kelsey Hanlon, Judge Trial Court Cause Nos. 60C02-1602-JC-31 60C02-1602-JC-32 60C02-1602-JC-34 |

**Robb, Judge.**

# Case Summary and Issue

[1] L.F. ("Mother") and E.F.[1] ("Father") adopted N.F., U.F., and A.F. from certain Native American tribes in Alaska. In 2016, the juvenile court adjudicated N.F., U.F., and A.F. as children in need of services ("CHINS") and placed U.F. and A.F. in non-Native American foster care.[2] Mother appealed this ruling alleging the juvenile court failed to comply with the Indian Child Welfare Act and sought a new hearing to determine whether U.F. and A.F. should be returned to Mother. Following Mother's filing of her notice of appeal, the trial court ordered the children to be returned to Mother and the parties agree this case is now moot. However, Mother argues the case should be decided on its merits under the public interest exception. Concluding this case is moot and does not justify our review under the public interest exception, we dismiss.

# Facts and Procedural History

[2] Mother and Father adopted three boys, N.F., U.F., and A.F. through tribal adoption in Alaska. All three of the boys are seven years old. In February of 2016, the Indiana Department of Child Services ("DCS") received a report that A.F. had red marks across his face. Mother admitted to slapping A.F. and

---

[1] Father is now deceased.

[2] N.F. was placed with his biological mother and remains in her care pursuant to an agreement between the parties.

further investigation revealed Mother often used physical punishment with her children including hitting them with spatulas, switches, and spoons. The DCS also discovered that U.F. and A.F. slept in playpens which Mother covered with a table or dog gates so they could not get out during the night. The DCS removed the children and filed a petition alleging that the children were in need of services. The DCS placed U.F. and A.F. with a local foster care in the area and placed N.F. with his biological mother.

[3] On March 14, 2016, Mother filed a motion to dismiss the CHINS allegations arguing the DCS and juvenile court had not complied with certain provisions of the Indian Child Welfare Act. The juvenile court denied Mother's motion, but granted her subsequent motion requesting the juvenile court certify its order for interlocutory appeal. This court declined to accept jurisdiction over the case. On April 11, 2016, the juvenile court held a fact-finding hearing and concluded the children were CHINS and that removal of the children from their home and continued placement in foster care was necessary for their safety and well-being. A dispositional hearing was held on July 19, 2016, at which time the court adopted the DCS' recommendations. Mother filed her notice of appeal on July 20, 2016.

[4] On August 5, 2016, Mother filed a motion to terminate placement and for immediate return of U.F. and A.F. Following a hearing on the matter on August 10, 2016, the juvenile court granted Mother's motion and ordered the immediate return of U.F. and A.F. to her care and custody. *See* Appendix of Appellee, Volume II at 5.

# Discussion and Decision

[5]     On appeal, Mother does not challenge the juvenile court's adjudication of the children as CHINS. Rather, Mother challenges the children's placement in foster care and alleges the juvenile court and the DCS failed to comply with provisions of the Indian Child Welfare Act. *See* 25 U.S.C. ch. 21 *et seq*. The relief requested by Mother was granted by the juvenile court on August 10, 2016, when the court ordered the immediate return of the children to her care and custody.

[6]     The long-standing rule in Indiana is that a case is deemed moot and will be dismissed when no effective relief can be rendered to the parties before the court. *In re Lawrance*, 579 N.E.2d 32, 37 (Ind. 1991). Indiana's courts have also long recognized a case that is otherwise moot may nevertheless be decided on its merits when the case involves a question of "great public interest." *Id.* at 37. We have defined cases of "great public interest" as those that "raise important policy concerns and present issues that are likely to recur." *Mosley v. State*, 908 N.E.2d 599, 603 (Ind. 2009).

[7]     We disagree with Mother that this case involves important policy concerns or an issue likely to recur. Our research reveals relatively few cases in the State of Indiana involving the Indian Child Welfare Act, and even fewer of those involve disputes concerning the DCS. This case does not fall within the "great public interest" exception and we decline to review Mother's case on the merits.

# Conclusion

[8]     The parties agree this case has been rendered moot and we disagree with Mother that it should be reviewed under the "great public interest" exception. Accordingly, we dismiss this appeal as moot.

[9]     Dismissed.


Vaidik, C.J., and Bailey, J., concur.